UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| MICHAEL HARVICK,<br><br>Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY; JIM BURKE FORD; and DOES 1-10, inclusive,<br><br>Defendants. | No. 2:26-cv-02068 WBS AC<br><br><u>REMAND ORDER</u> |

----oo0oo----

On September 28, 2026, this court ordered defendant Ford Motor Company to show cause why this case should not be remanded to state court for lack of subject-matter jurisdiction. (Docket No. 10.) Upon considering Ford's response and plaintiff's reply, the court has determined that it lacks subject-matter jurisdiction over this action. Accordingly, this case will be remanded to the Superior Court of California, County of Santa Clara.[1]

[1] The court notes that remand to the Judicial Council

A defendant may remove to federal court any civil action over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Should original jurisdiction be absent, however, a district court "must remedy the improvident grant of removal by remanding the action to state court." Cal. ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838, as amended, 387 F.3d 966 (9th Cir. 2004) (citing 28 U.S.C. § 1447).

Here, the court must remand because the purported source of jurisdiction -- diversity under 28 U.S.C. § 1332 -- is inapplicable. (Notice of Removal ("Notice") at 4-5 (Docket No. 1).) Diversity jurisdiction requires "complete diversity of citizenship," meaning no adverse parties can be citizens of the same state. Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996). Plaintiff and defendant Jim Burke Ford however, are both California citizens. (Notice Ex. B at 6 (Docket No. 1-2).) That lack of diversity bars federal jurisdiction.

In support of removal, Ford argues that plaintiff fraudulently joined Jim Burke Ford. (Notice at 5; Resp. at 2-5 (Docket No. 11).) The court has rejected this theory in three practically identical cases, however. See Benton v. Ford Motor Co., No. 26-cv-2096 WBS SCR, 2026 WL 2607640, at *2-5 (E.D. Cal. Sept. 3, 2026); Mendoza Lombera v. Ford Motor Co., No. 2:26-CV-

---

Coordination Proceeding would be inappropriate because the order granting the coordination motion did not transfer the case. (See Order Following Hr'g on Coordination Mot. at 5-6 (Docket No. 1-1).) This case was therefore removed from the Superior Court of California, County of Santa Clara, and that is the court to which it must be remanded. 28 U.S.C. § 1447.

02064 WBS SCR, 2026 WL 3082897, at *1-2 (E.D. Cal. Oct. 15, 2026); Paris v. Ford Motor Co., No. 2:26-cv-02056 WBS SCR, 2026 WL 3082911, at *1-2 (E.D. Cal. Oct. 15, 2026) For the same reasons, it fails here.

IT IS THEREFORE ORDERED that this action be, and the same thereby is, REMANDED to the Superior Court of the State of California, in and for the County of Santa Clara, Case No. 24CV441939.

Dated: October 19, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE